We'll call our second case of this morning, number 17-1434, Migliaro v. Fidelity National Indemnity Insurance Company, Messrs. Feinstein and Manning. Whenever you're ready, counsel. Good morning. Please, the court, I'd like to reserve five minutes for rebuttal. I'm sorry, how much? Five. That's fine. The issue before the court is one that on first glance seems to be very simple. Can a letter under a flood insurance policy that says, this is not a denial of your claim, in fact be a denial of your claim for the purposes of triggering the statute of limitations? Let's assume the letter did not say that. I'm sorry? Let's assume the letter did not say that. Okay. So would you agree that the rejection of a proof of loss under the terms of the National Flood Insurance Program otherwise would constitute a denial or partial denial of a claim? No. Even without that language? Even without that language. And there's no statute, there's no case, and there's no policy provision that states that unambiguously. The only case that has ever covered that question, and that question is specifically ruled upon in the House versus Bankers case in Florida, where a partial denial was sent in the absence of a letter that said it was a denial, and the court there found that it was not an unambiguous denial of the claim and held that there were material facts in dispute. But the standard flood insurance policy states, in relevant part, that if we reject your proof of loss in whole or in part, you may, among other things, accept our denial of your claim. This is true. So if the language that this is not a denial of your claim were not in there, then what could you stand on to say that the denial of proof of loss was not a denial of the claim? That first paragraph doesn't refer to a partial denial. If you look at… It says if we reject your proof of loss in whole or in part. Yes, it does, but subparagraph A under that says this denial of the claim. It doesn't say the denial of the claim in whole or in part. So it refers only to those circumstances where the proof of loss has been rejected in its entirety. It would not apply… Isn't your answer to that question that under C, you can file an amended proof of loss as long as it's filed within 60 days? So your claim hasn't been denied. Isn't that the answer to the question? If we reject your proof of loss, you can try again. That's true, but the specific question was regard to Section A about that it's a denial. When you get down to Section C, it is you can file an amended proof of loss. So there will be rejections of proofs of loss that are not denials. Absolutely, there can be rejections of proofs of loss, and it depends upon the context. But if you accept the rejection of the proof of claim, then under that loss provision sub-A, then you'd agree it does constitute a denial of the claim. I guess under those circumstances, if you're accepting it, yes, because you're voluntarily at that point saying I'm no longer going to proceed. So say we agree looking at M that it seems to set out a scheme that you have these three options. You can accept it, and it's then deemed a denial. And at that point, the clock starts running for you to file suit. Or you can follow the other options under B, exercising your rights under the policy, for example, with additional appraisals or the administrative remedies that are provided. Or C, you can file an amended proof of loss within 60 days. And under B and C, it would not be denial as you've explained your understanding of A. Yes, but also – So help us understand then how your client did anything here but accept the denial of the claim. We filed suit. Well, but that is – the filing of suit is – isn't that the acceptance of the proof of loss being a denial and the clock ticking? That is, you haven't taken any further action, any other alternatives, and you turned around treating it as a denial and filing suit within the one-year period. If you look at Section B, it says remedies under the policy. One of the remedies you have under the policy is to file suit. So we're not accepting that as a denial of the claim. But in order to exercise your rights under the policy, didn't you have to file an amended proof of loss? No. It's not – So what did you have to do? What did you have to do? Once you file the proof of loss to document your claim, unless you are then seeking additional benefits under the policy, you do not have to file another proof of loss. The proof of loss that I am submitting is the claim that I am making. To the extent that they have paid the claim, what's now in dispute is the difference between what they paid and what the proof of loss that was submitted. But I'm not under an obligation to present additional costs. But you're saying that their letter said you need more documentation, and we don't think this is correct, and you're standing on that proof of loss and filing suit saying you owe me this money. Yes. That's what it is. But it's not – you're saying it's not a denial, and yet you're bringing a lawsuit based on the denial of the claim. No, I'm not – That could well be true. We're basing it upon a breach of contract. We're not basing it upon a denial of a claim because a claim was never denied. Do you have a right to file suit if the claim has not been denied? Yes. Under what provision? If you have a dispute as to the extent of the coverage under policy, you have the right to file suit. They didn't pay for everything that was there. But wait, but doesn't there actually be a denial before the right to suit arises under the policy? No. I'm assuming that your opponent will tell us whether that's correct or not. I've never seen a case that says that there must be a denial of a claim or a partial denial of a claim before a suit can be filed. It's the only condition precedent that I'm aware of before filing suit is the actual providing of the proof of loss. Can I just ask a factual question? When you brought suit, this letter was dated, what, July 15th of 2015? Yes. And you brought suit in December of that year. Yes. Then the following September. Oh, no, excuse me. We didn't file suit. The plaintiff did with another counsel. Okay. But in September of the following year, 2014, they voluntarily dismissed the suit. Do you know why? I don't. I can tell you that the plaintiff at that time was represented by a law firm out of Texas that had marketed heavily for Sandy victims, and unfortunately, between them and local counsel, they dropped the ball on hundreds and hundreds of cases which ended up being dismissed for failing to answer discovery,  and there were some cases like this one which were voluntarily dismissed with no explanation to the clients, and the client didn't even know the case had been dismissed until after they had retained us and we refiled suit. So your position is there is never a denial and you could have waited 15 years before filing suit? Eerie, yes, but that's only because of the way the statute is written, which requires there to be a partial denial or a partial denial of the claim. Section R, suits against us, provides that if you sue, you must start the suit within one year after the date of the written denial of all or part of the claim. Correct. So how can you be bringing a suit without there having been a denial of the claim? Now that only sets forth the time frame within which I have to file suit. It's not a condition precedent. I could file suit at any time during that period of time. Suppose they had never made a coverage decision. I could file suit saying they had never made a coverage decision. They breached the contract by never making the coverage decision, but that wouldn't have been a denial of the claim. What about the other remedies that are provided under subsection B, that is, claims appeal process through FEMA? Did you take any action to proceed with that, exercising your rights under the policy? I don't know if the predecessor counsel did that or did not do that. I never saw any documentation with regard to it. But, again, that's not a condition precedent to filing suit. Neither is demanding appraisal, and appraisal wouldn't have resolved the issues between the parties because the appraisal, as FEMA defines it, is limited to their agreed-upon scope of repairs or damage. And since there was no agreed-upon scope of repairs or damage, we couldn't have gone through appraisal. So the only option that we had under the circumstances was to file suit. But I'd like to go back and address a question about what went into it. Can I just understand again the logic? So your position is that there has not been any denial to date? To this day, there has not been any denial of the claim. Arguably, when they filed their answer to the complaint, they said there was a denial that was on July 15th. But we've never received a letter denying any portion of the claim. Having filed a proof of loss and the deadline having run, even with the extension for Hurricane Sandy, for filing, you can wait, as Judge Rendell suggested, 15 years, take no further action, and then file what would be deemed a timely suit? Well, there may be other defenses under those circumstances. You may have spoilage of evidence. You may have latches issues. But it would not be a statute of limitations defense because they never denied the claim. Now, if the statute said one year from the date of the loss, that's fine. But it doesn't say that. It says one year from the date of denial or partial denial of the claim. And therefore, since there's never been a denial of the claim, and a letter expressly saying this is not a denial of the claim, then the statute of limitations was never triggered. I'm not sure I understand how that works with the three options that you're given under the program. You file a proof of loss. The proof of loss is rejected. You're saying that you didn't accept it as a denial. Okay, let's accept that. So what is it that you did to exercise your rights under the policy under B, because you did not under C, as I take it, file an amended proof of loss? There was no need to file an amended proof of loss. But one of the remedies you have under the policy is to file suit. Within what time frame? You're saying the policy is poorly drafted. It's not just that the policy is poorly drafted. The statute is poorly drafted. But that's an irrelevancy because the statute clearly says one year from the date of the loss or one year from the date of denial or partial denial. And I will give you an analogy. In New Jersey State Court, the suit limitations provisions, and not a statute of limitations, but the limitations that are contained in the policy, are interpreted to mean, even though it says one year from the date of the loss, they are interpreted to mean one year from the date of the denial or partial denial of the claim. But even under those circumstances, the court has said, the appellate courts in New Jersey have said, it has to be an unequivocal denial. And if the insurance company gives any indication that they will reconsider this based upon additional information, it is not a denial of the claim. And we've dealt with that situation where there were lawsuits that were filed two, three years after the loss occurred. I want to go back to, because I gather this sort of boils down, given your interpretation, to you exercised your rights under the policy under subsection B. Yes. By filing suit. Mm-hmm. How long do you have to file suit under the National Flood Insurance Program? One year from the date of denial of the entire claim or a portion of the claim. So when you exercised your rights under subsection B, you did that by filing suit within one year of the denial of the claim. There was never a denial of the claim. There's no starting point about when you can file suit. We could file suit the day after the flood if we so chose. We wouldn't win because there wouldn't have been a breach at that point. But there's no provision that says I have to wait to a certain point. If they're in the middle of negotiating the claim and they haven't made the claim and my client tells me we want to file suit because we're not happy with the fact that they haven't paid the claim yet, there's no denial. There was no coverage decision. You're at risk if you do this, though, because you have not fully arguably provided them with the information they need to either accept or deny, and a court is likely to say that you can file suit but your proof of loss was not sufficient and therefore you don't have any right to payment. That depends on the individual facts of any given case. We're talking about the timing of the suit and whether it was timely. I know. Even if you're allowed to pursue it. Let's say we agree with you and say there was never a denial, and then you pursue it and they say you just didn't give us, we paid you X amount and you didn't give us enough to say this is what we should have paid. We properly rejected your proof of loss. Well, that's a trial issue. I'm not sitting here and saying that if we get to try this case that we're guaranteed to win it. That's not the issue before the court. The issue before the court is whether our suit was timely and it was. But I'm saying here if you do that, you kind of play that game that ah-ha, it was never denied, you're risking that if you proceed, that they properly rejected your proof of loss. And that's the risk in any lawsuit. How do we have here, you were pointing us to House earlier, but in House they said submit the new proof of claim and we will pay. Okay. Here we have a flat-out statement that the amount claimed is not an accurate reflection of covered damage and that the field adjuster provided the estimate of covered damage. And then you were invited not to resubmit or do something new as to what was submitted with this proof of loss, but only if there were additional covered damages, something other than what you submitted in connection with this proof of loss. How is this letter not saying in a definitive way that what was submitted here was a partial denial or perhaps total denial if you don't have other covered losses? Because the letter says this is not a denial of your claim. And either it means that or it doesn't mean that. And we're in a position where a party has said this is not a denial of your claim and when you know that you need a denial of the claim to trigger the statute of limitations, how can a letter that says this is not a denial of your claim no matter what else it says, no matter what else it says, how can that be interpreted to be a denial of the claim to trigger the statute of limitations? Isn't that where CEOPAS comes into play? No. Because CEOPAS is completely different in the sense that CEOPAS was, there is a definitive time that is set forth for which the proof of loss has to be submitted and the court in CEOPAS said that they can't extend, that the write your own companies cannot extend the time. The time especially after it's passed. Right. That's at the back end. That's at the back end of the running of that time. Would you agree then that if there were a clear and definite provision for what constitutes a denial of a claim at the front end, that triggers the running of that limitations period, that a policy, a write your own carrier, could not alter that any more than they could the time limit on the back end? I would approve that if in fact that existed, but it doesn't. We'll get you back in rebuttal. Thank you. Thank you very much. Mr. Manning. Good morning. And may it please the court, my name is Francis Manning and I along with my colleague Brandon Riley represent the defendant appellee. Can I just start by, the proof of loss is sort of the support for a possible claim. It's what the claim ultimately is made up of, correct? That's correct. Without submitting a proof of loss. In your letter of July 15th, wrote the company's letter, said the proof of loss cannot be accepted under the terms and conditions of the insurance policy for the following reason. It's not an accurate reflection of the cover damage. And then this is not a denial of your claim. And it goes on and says, your field of justice provides you with an estimate and proof of loss. If there are additional cover damages identified, please forward documentation that will be considered. We don't admit nor deny liability. Please don't construe this letter as any act of the fidelity or its representatives as a waiver. It sounds like what it's saying is it's not complete. You might want to consider adding on to it. But, by the way, this is not a denial. It is not? You can't make it any clearer than that. There are two things going on here. One, it's a rejection of the proof of loss. Information was submitted, and what they submitted. Even there it says it cannot be accepted under the terms and conditions. It's not an accurate reflection. It's almost as if it's saying you haven't touched all the bases. Go back and touch the bases. By the way, we're going to tell you this is not a denial. If there's any ambiguity, we're being nice to you, and we're telling you this is not a denial. We're not done with this. It's nothing final. Yeah, nothing's final. Well, we're done with the proof of loss. The proof of loss. Okay, that proof of loss so they can do better. And if they can do better, they should submit something to us. It's not a denial of the claim. What portion of the claim was denied? All or part. What portion was denied? The portion that the plaintiff submitted. So he submitted a proof of loss for $236,000. Okay. Yeah, I'm reading it differently than you. I think that the proof of loss cannot be accepted. In other words, you haven't given us the paperwork that you need. Maybe it's there, and so we're not denying it, and we're just making it crystal clear we're not denying it. We're thinking that maybe you need to do some more. And our adjuster, if there are additional cover damages, they'll be considered. It's sort of like here's what you need to do. We're trying to help you. We're trying to be a friendly outfit here. And if I was this individual, Mr. Magliaro, how could I possibly consider this to be a denial? We know what he did because he acted on it. He filed suit five months later. What under the policy limits his right to file suit? Section M says if we reject your proof of loss, you have three options. One of them is to exercise your rights under the policy. That is filing suit. That's exactly what he did, and he did it timely. And then everything went topsy-turvy when we got it to 2014. Isn't the real problem here that the statute says you're from the denial of the claim, and if the claim hasn't been denied, there is no time limit. Isn't that a problem? No, Your Honor, it's not because this letter at the top says in capital letters, Rejection of Proof of Loss. Right. And it says it cannot be accepted. And if you then go to Section M, they match up. It does. It says if we reject, you may accept our denial, exercise your rights, or file an amended proof of claim. They're mutually exclusive, and they exercise their rights under the policy because you rejected the proof of loss, but that doesn't mean you denied the claim. That's correct. We said if you have information that will support cover damages, we will take it, but you don't need an absolute, full, complete denial of the claim to trigger the running of the statute of limitations. Why not? Because that's what Section M says. The statute says partial or full disallowance of the claim. Well, again, what portion was disallowed? He filed for $236,000. Let's assume the adjuster said, we'll give you $120,000, okay? And that's where it stands. And that's a partial denial, and that triggers the statute. And that's what the court in St. Germain said because that's exactly what happened. In St. Germain, it was final. It was finality. Here, as Judge Amber said, you can do better. Give us the documentation, and a new corrected estimate, a new proof of loss will be provided. But that's exactly what happened in St. Germain. Proof of loss came in for $200-some-thousand. Some portion was paid. Negotiations continued. Another payment was made. And the plaintiff said, well. They said the claim was allowed only in the amount of $93,000, and the remainder of the claim, $259,000, was being rejected. It was being rejected. And that's totally rejected. We are not paying that. Based upon what you submitted to us, if you come back to us and give us documentation that can support that amount, we will reconsider it. That's subsection C, right? Let's step back because the terms of the loss provision seem to provide, A, it can become a denial. It can be a denial if you accept it, either expressly or by your actions. Two, exercising rights under the policy, and we can talk about what that means. Or three, filing an amended proof of loss, doing some other submission within 60 days. Correct. So if you opt out of C, you get a rejection of your proof of loss. You don't submit anything new. You take no further action whatsoever under C. Then we're left with, okay, let's look at B. Can someone exercise their rights under the policy in a way that exempts them indefinitely from a limitations period? Is there some cause of action that would not have a limitations period under the program? No, because the harm to the plaintiff here, if we trigger something with harm, it's with the rejection of what he asked for. Let's go back on the facts here. We paid $75,000 in building damages and $15,000, I believe, in contents before the proof of loss came in because we'd adjusted it, the house was damaged, got some money. He didn't accept that. He accepted the money, but he said, but you owe me more. Here's my proof of loss for $236,000. No, but you can still come back to us if you have the right goods and show us that you're entitled to more. In many cases we've seen it happens. It's consistent. It's consistent with the program. Is there any cognizable claim under the program, any private right of action that's provided beyond a claim for the total or partial disallowance of a claim? Not that I'm aware of. This is all about a waiver of sovereign immunity. If this sets up a waiver of sovereign immunity and to get to sue the government, you have to walk through the steps. I'm looking at the statute itself, section 4072, on judicial review, limitations and jurisdiction. And this seems on its face to provide for a private right of action in this circumstance. Within one year after the date of mailing of notice of disallowance or partial disallowance by the administrator, then a private individual can institute an action against the administrator on such claim in the United States District Court for the district in which the insured property or major part thereof shall have been situated. So this for the denial or partial denial of a claim provides for a right of action within one year. What other claim can be brought under the statute in suit by the insured? To my knowledge, none. It's about whether or not the damages that they are claiming have been paid. And if there's a dispute about that, the dispute is kicked off by a disallowance, partial or whole. Then that's what gets litigated. That's what the private right of action gives the litigant. Well, he seems to say that there's some other claim like a breach of contract or good faith in fair dealing. It appears in their brief. Where is there any authorization to bring that against effectively the United States government for the claim? There is none. Any extra contractual remedies are all preempted by the NFIA, by the Flood Insurance Act. So the only private right of action that the plaintiff has is to sue for damages, for essentially breach of contract damages, under the contract. You're saying under the contract, meaning under the terms of 4072? That is what gives the right. Correct. That's the private right of action to sue. And what the plaintiff claims is that my SFIP, my standard flood insurance policy, has not been satisfied because you haven't paid me all of my covered damages. That's it. That's all he gets. So your point would be if there is no federal right other than a one-year right, that right of suit doesn't exist. That's correct. And it has to be kicked off by something. And it gets kicked off, as Section N tells us, by the rejection of a proof of loss. Why did the letter, just a dumb question, why did the letter say at the opening of the second paragraph here, third paragraph, this is not a denial of your claim? Could have been more artful. No doubt about it. Mr. Plussage. That's simple and direct. And it sounds like, why don't you answer and then I'll tell you what I think. I come back to what we have in front of us. We have money paid. We have now a plaintiff coming back asking for more through a proof of loss. And we say no. So that's done. However, if you have something more to show us that will satisfy the policy, we will consider it. That's to say it's not a denial unless it's accepted as a denial by failure to take action under subsections B or C. Right. And he said, well, I'm not going to do that. I'm going to go sue because I think my proof of loss is good enough. And he filed timely. That first lawsuit was timely. Everything got upended in 2014 when the case was dismissed voluntarily, and it was dismissed after the statute of limitations ran. So your answer is this is not a denial of your claim as direct. You can't write it any simpler than that. Why do you think it was in there? Why do I think it was in there? I think it was in there to advise Mr. Migliaio, and this went to his counsel as well, that we'll still consider information. In other words, we haven't made a final determination that you're done. However, what you sent us, you're done on that point. Well, that's all it takes. It doesn't say this is a denial of your main claim or this is only a partial denial. It just says this is not a denial of your claim. Because we're inviting further information if it can show covered damages. And it sounds then as if the person is saying there might be an ambiguity in terms of how this is all dealt with, and you need to give us the support for the claim. You've sent us your support called a proof of loss, and you haven't done all you can do. Go back, we're telling you, and redo it and resubmit. But we're telling you right now, in effect, pause the button. This is not a denial of your claim. You don't have to worry about anything else. They didn't go that far and say you don't have to worry about anything. I understand, but for the moment you don't. And there's nothing triggered. If you are writing this up, there can't be another sentence that's more direct than this. This is not a denial of your claim. But there are two different things going on here. It's a rejection of the proof of loss. There can't be anything more direct than that. No, no, it can't be more direct than this letter. What you're relying on is that there is a provision that says loss payment and the policy that says if we reject your proof of loss in whole or in part, you may accept our denial of your claim. Correct. What you're really saying is that the employee who wrote this cannot override the insurance policy, right? That's a Sufis case. That's Dawkins. That's Phelps. That's everything out of the circus. Sufis was a back-end case, in effect, where I think on, like, September 21st, the time period had expired, and by September 27th they said we'll give you until October 5th, and said, well, by that time it's over. Correct. I mean, those facts are far more. You can't waive it. Correct. Those facts are far more sympathetic. But here, here, it says just so there's no misunderstanding, this is not a denial of your claim. Yes, that's what it says. In fact, it is not a denial until you accept it as a denial, which is exactly how M seems to be written. If someone opts to file an amended proof of loss within 60 days or opts to take the administrative appeals that are provided under the policy, then it is not a denial. If they opt not to exercise either of those things, then they, by their conduct, are deeming it a denial because they haven't taken any other action. And under that circumstance, they have one year under the statute to bring the only cause of action they can bring, that is, for the denial of a claim. That's correct. And in the complaint, in the first complaint they filed, they said exactly that, that defendants have breached the contract when they refuse to pay the actual damages for the full amount of what we suffered. That's exactly what they did. They knew what they were doing. This letter was not confusing. This letter was not contradictory to them because they went and filed suit five months later. Did you, in your summary judgment motion, contend, number one, you have a limitation of a year from the denial, and number two, by the way, separate and apart from that right of action, there is no cause of action under the policy by virtue of non-waiver of sovereign immunity? Yes. We discussed that entire line of cases, I think, more in the reply brief than in our initial motion because of what the opposition said. So, yes, it's there. And Judge Kugler cited Sipis Zupis and said, look, I'm stuck. And many district courts have said that. I get that perhaps you've been told one thing, which is wrong, but we can't waive that. And if the employee here drafted an unlawful letter, and, again, I take my position is it's doing two different things. And they knew what it was doing, and they knew the effect of it because they filed suit. But even if this were a misrepresentation or some kind of confusion about what was going on, it doesn't come back on us because the statute, the regulations, cannot be waived by us absent a written express waiver by FEMA. So we ask that the court affirm Judge Kugler. Thank you very much. Mr. Feinstein. Mr. Feinstein, could you begin by, if you're not fitting within the one year of the denial, what right of action do you have under the policy? None. I agree. If a suit was not filed within one year of the date of a denial or a partial denial, there are no rights under the policy. And that is actually part of the problem here. So that your case should be dismissed in any event? No, because there was never a denial. Wait, wait, wait. I'm talking about your right to sue from the standpoint of federal policy. Yes. And whether you have the ability to bring a lawsuit. As long as I'm within the statute of limitations, I can, yes. Well, you re-instituted suit here two years after the denial of the rejection of the proof of loss. How is that within the limitations period of the policy? Because there was never a denial of the claim. As we have a letter that says this is not a denial of the claim, there can be no clear statement. But how can you exercise your rights under the policy if the only cause of action that can be brought under the policy is, because there has to be a grant of a private right of action. Correct. And the only one that's there is pursuant to a denial one year. And if you say we're not within that, what are you within? Where is the private right of action? We are within the statute of limitations is the point. Because there need not be a denial of the claim to trigger a right to sue. Okay. So we could sue at any time prior to or after a denial of the claim. What's the basis of your right to sue? Failing to fully compensate or indemnify the insured for the loss. But if this is a federal policy and there is no waiver of sovereign immunity, other than for the one year from denial, what right do you have? I don't understand your question because it's, there is no separate, that's the only lawsuit that can be brought is a breach of contract lawsuit for failing to comply with the terms and conditions of the policy. Which is exactly what we've done. The only question is whether we did that within one year of the date of a denial or a partial denial. And since there was never a denial of the claim or any portion of the claim, we were within that time frame because the statute of limitations had not begun to arrive. If I'm understanding your argument now, it's, we've got two options in the way we conceptualize this. One is that what you're calling a breach of contract to be cognizable under the statute as a cause of action is considered the denial of a claim in terms of the federal statute and that's when the time is running. The other is that it is a freestanding state law cause of action for breach of contract where you think that there may be such a claim, although it doesn't appear on the face of the statute, but even so you seem to acknowledge that that would be subject to a one-year statute of limitations. If your breach of contract action accrued upon the receipt of the rejection of your proof of loss and the one-year statute of limitations on your breach of contract action began to run, why isn't it still untimely? I want to be clear. We are not pursuing any state causes of action. They are all preempted by the federal statute. That was never contemplated. It was never sued. This is a breach of a contract, the contract being the FEMA policy of insurance. Whatever cause of action you want to call this, when did it accrue? When did you have a claim to bring? We have a claim when they failed to fully indemnify the insured under the policy. That is the rejection of the proof of loss? It doesn't have to be a rejection of a proof of loss, but if you want to use the rejection of the proof of loss, what do you use? What did we use? What was the basis for your complaint in federal court? That they did not fully indemnify the insured for their loss under the policy. And cite the language under the policy that gives you a right to sue for that. That was stipulated to by defense counsel. No, I asked you a question. I don't have the exact language under the policy that allows you to do it, but in fact... Isn't the only language in the policy that gives you a right to sue? The right to sue within a year of the denial? Sure. Okay, so you're saying we're not under that. No, I didn't say that. What I said was that's a statute of limitations. That's a statute of limitations that says I only have a year from the date of denial or partial denial to file suit. It doesn't say what triggers my right to file suit. It doesn't? No. But you say you're exercising your rights under the policy. Yes. And I'm asking you where is the basis for your right under the policy? You just stated it, that I have a right to file suit. Now, it then says that I have one year from the date of a denial or partial denial. It doesn't say that in order for me to file suit, I have to have a denial. Okay, we're talking in circles. Perhaps I'm not understanding your question. I'm assuming that under the federal program, there has to be a specific grant of a right of action. And you just indicated that the mere fact that there is a statute of limitations means that there is a right to sue. In other words, I guess, what if the government slow walked it for ten years? Yeah, exactly. Okay. Looking at your complaint. Yes. Are you looking at my complaint or the complaint that was previously filed? Because I don't know. I didn't draft that first complaint. This is filed July 22, 2015. That's the complaint we drafted, yes. So it provides that there's an insurance policy in effect. The notice was given of what are allegedly covered losses. And then in paragraph 7, defendant, despite demand for benefits under its policy of insurance, failed and refused to pay plaintiff those benefits due and owing under said policy of insurance. What is the action that constituted the failure and refusal to pay plaintiff those benefits due and owing under said policy of insurance? The failure to honor the proof of loss as it was submitted. The rejection of the proof of loss. Yeah. But that's not a denial of the claim because the letter says this is not a denial of your claim. Okay. Thank you very much. Thank you. Thank you. Thank you to both counsel for well-presented arguments. And we'll take them out.